Ruffin, Chief Justice.
 

 We are of opinion that this case is clearly with the plaintiff. The doctrine of election is based upon the principle, that one who takes a bounty under an instrument, is under an obligation to give effect to the whole instrument, or rather that the donor intended that he should not enjoy that bounty if he disappointed that bestowed in the same instrument to another. The question commonly arises upon a disposition by a testator, simply as a gift to one, of the estate of another, to whom he also gives
 
 simpliciter,
 
 an estate of the testator, or some pecuniary benefit. To put the legatee to his election, it is necessary that the instrument should clearly ascertain the property given, and that the gifts themselves should be in such terms, as are inconsistent with the
 
 *378
 
 notion that the donee can keep his own estate, and also take, under the will, without defeating the intention of the testator. It is in other words }n the nature of a condition, and generally speaking, that condition is implied from the nature of the several dispositions; and where the implication is not plain therefrom, and almost necessary, such a condition cannot be implied, because no one in a doubtful case, is to be taken as intending to give away what belongs to another.
 

 June, 1836.
 

 But in the case before us there is no necessity, nor opening for presumption or implication. The condition is expressed jo so many words in the will itself. It is not a case for election by construction of the Court, but created expressly by the testator himself. The plantation is given to the defendant, and it is then added, “ but if he should make
 
 choice
 
 of the lot in Lincdl nton, on which the smith shop stands, with an out lot adjoining the same,
 
 in preference
 
 to my plantation, he shall have the lots, and the plantation be sold” by the executors, and the proceeds applied to the' payment of pecuniary legacies, and the surplus given to particular persons. That would seem to make the meaning precise enough ; but the testator immediately repeats' the condition in these words ; “ but if mv said son shall
 
 elect
 
 to keep my home plantation,
 
 then and in that pase,
 
 the said lots shall be sold” and’ the proceeds applied as before. There cannot be a plainer express condition than that here declared ; and accordingly, the defendant must renounce the plantation devised to him, unless within a reasonable time he declares his his election before the master to keep it, and in that case join in the sale and conveyance of the lots, for the purposes of the will. As it appears that'the defendant has been in possession, both of the plantation and
 
 lots,
 
 since the death of the testator, he must account for the rents and profits, since that period, of the parcel he may surrender; which account the master will take as soon as the defendant shall have declared his election. The defendant must also now pay the costs up to this time,
 

 Pee Cueíam. ' Decree accordingly.